UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDOUL NGENDA,<br><br>                             Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>                            Respondent. | Case No.: 17-cv-00263-AJB-JLB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND** |

    Presently before the Court is Petitioner Abdoul Ngenda's petition for writ of habeas corpus. (Doc. No. 1.) Petitioner is currently proceeding in forma pauperis. (Doc. Nos. 2, 3.) After setting a briefing schedule on January 10, 2018, Respondent failed to file its answer to the writ. (Doc. No. 4.) However, despite this, the Court finds that Petitioner has failed to allege a viable habeas claim. Thus, the Court **DISMISSES** Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. No. 1.)

## **DISCUSSION**

    Petitioner's writ of habeas corpus is incredibly brief. (*See generally* id.) Specifically, he only states that his Sixth Amendment right to counsel was violated as he is poor, he was a victim of prejudice based on his Muslim ethnicity, and that he was humiliated by Judge McSeveney based on his history as an addict. (Doc. No. 1 at 4, 5.) Petitioner then claims

that "[r]espect for the integrity of the Person including Freedom . . . was violated on behalf of Judge McSeveney." (*Id*. at 6.)

Writs of habeas corpus must not extend to a prisoner unless—

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority . . . the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c)(1)–(5).

In the instant case, Petitioner has failed to state a cognizable claim and does not allege a clear violation of federal law or the Constitution. (*See generally* Doc. No. 1.) Instead, Petitioner's incredibly scarce contentions are vague, broad, and devoid of any additional supporting description or supporting facts giving rise to the purported constitutional violation. (*Id*.) The Court notes that "[i]t is not the duty of federal courts to try to second guess the meanings of statements and intentions of petitioners." *See Huff v. Carey*, No. 1:07-cv-01746 AWI SMS (HC), 2008 WL 544360, at *2 (E.D. Cal. Feb. 28, 2008). Thus, while the Court should liberally interpret pro se pleadings, the Court does not have the responsibility to create Petitioner's claims for him in his case.

Accordingly, as Petitioner has failed to state his claim with sufficient specificity, his Petition is **DISMISSED**. *See Wacht v. Cardwell*, 604 F.2d 1245, 1246–47 (9th Cir. 1979); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Wirsz v. Sugrue*, No. 1:09-cv-01204-BAK-SMS HC, 2009 WL 4931845, at *2 (E.D. Cal. Dec. 15, 2009) (dismissing the petition as it failed to "provide sufficient factual and legal details

regarding his claim[.]").

## CONCLUSION

As the Court cannot proceed on the bare and limited allegations provided by Petitioner, his 28 U.S.C. § 2241 writ of habeas corpus is **DISMISSED WITH LEAVE TO AMEND**. Petitioner is **ORDERED** to file an amended petition within **forty-five (45) days** of the date of service of this Order. The amended petition must specify, with particularity, the factual and legal basis for his claims. The amended petition will supersede the original petition and should be complete in and of itself and should be clearly labeled "AMENDED PETITION." Failure to file an amended petition will result in the dismissal of this case.

**IT IS SO ORDERED**.

Dated: March 9, 2018

Hon. Anthony J. Battaglia
United States District Judge